FILED
JAMES BONINI
CLERK

2005 MAR 28  P 2: 44

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ORGANIZATION FOR WOMEN, et al., | : <br> : <br> : Case No. 2:05-mc-001 <br> : |
| Plaintiffs, | : <br> : |
| -vs- | : <br> : Magistrate Judge Kemp |
| OPERATION RESCUE, et al., | : <br> : |
| Defendants. | : |

### PLAINTIFFS' MOTION FOR AN ORDER FOR JUDGMENT DEBTOR EXAMINATION

Plaintiffs National Organization for Women, Fifty-First Street National Organization for Women, Maryland National Organization for Women, Virginia National Organization for Women, Planned Parenthood of Metropolitan Washington, National Abortion Federation, Capitol Women's Center, Commonwealth Women's Clinic, Hillcrest Women's Surgi-Center, Metropolitan Family Planning Institute, New Summit Medical Center, Washington Surgi-Center, Washington Hospital Center, Uptown Women's Clinic, Landover Women's Health Services, Hillview Clinic, Cygma, Planned Parenthood of Maryland, Baltimore Women's Medical Center, Hillcrest Clinic-Baltimore, Metropolitan Family Planning, Gynecare Center, Prince George's Reproductive Health Service and Planning Parenthood of Metropolitan Washington D.C. hereby request an Order for the examination of Judgment Debtor Jayne Bray ("Bray") concerning her property and income to be held before the Court on May 3, 2005 at 9:00 a.m., and for such further Orders respecting Bray's income and property as the law and facts may warrant. An affidavit, a brief Memorandum in Support and a Proposed Order are attached.

## MEMORANDUM IN SUPPORT

Plaintiffs and Judgment Creditors request this Court to order Defendant and Judgment Debtor Bray to appear for a judgment debtor examination before this Court on May 3, 2005 at 9:00 a.m.. As this Court is aware, on June 19, 1991, Plaintiffs obtained a judgment against Defendant Bray in the amount of $15,621.25 plus interests and costs (the "Judgment").[1] As the affidavit of Philomena M. Dane provides, to date, the Judgment remains unpaid.

On February 25, 2005, Defendant appeared for a deposition and was questioned about issues related to her property and assets. Although Defendant was forthcoming with regard to various aspects of her finances, she prematurely stopped the deposition, after only a little over three hours, prohibiting Plaintiffs' counsel from completing her line of questioning. As a result, Plaintiffs did not gain a full understanding of Defendant's financial profile and will be unable to execute on the Judgment. Accordingly, Plaintiffs request a judgment debtor examination before the Court as provided for under Ohio Revised Code § 2333.09, et. seq. in order to aid in the satisfaction of the Judgment.

It is well-settled in Ohio that judgment creditors have the "right to expect that their undoubtedly valid ... judgments will be satisfied." Toledo Edison Co. v. Allen, 13 Ohio App. 3d 108, 112 (Williams Cnty. 1983). They also have the concomitant right "to expect that the satisfaction of their judgments will be accomplished through the most cost-efficient mechanism provided by the aid of execution statutes." Id. Where, as here, a judgment has not been satisfied in full, a judgment creditor is entitled to obtain an order for a judgment debtor examination during which the judgment creditor may ascertain the existence of the debtor's assets and have

---

[1] An appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on February 28, 1995.

2

those assets applied toward the satisfaction of the judgment. Id. at 110. See also Wilson v. Columbia Casualty Co., 118 Ohio St. 319 (1928).

Ohio Revised Code §2333.09, for example, provides in pertinent part:

> A judgment creditor shall be entitled to an order for the examination of a judgment debtor concerning his property, income, or other means of satisfying the judgment upon proof by affidavit that such judgment is unpaid in whole or in part. Such order shall be issued by . . . a judge of the court of common pleas in the county in which the judgment was rendered or in which the debtor resides, requiring such debtor to appear and answer concerning his property before such judge . . . at a time and place within the county to be specified in the order.

Section 2333.10, further provides that, upon proof of affidavit or "otherwise" to the satisfaction of the Court that the "judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge, by order, may require the debtor to appear at a time and place in such county to answer concerning it." In the course of such proceedings, the court may require that such property be applied toward the satisfaction of the judgment as a prescribed by sections §2333.09 to 2333.27. Id.

Section 2333.21 further provides that a court may also order "any property of the judgment debtor, not exempt by law, to be applied toward the satisfaction of the judgment . . ." See also Wilder v. Martin, 83 Ohio App. 209 (Clinton Co. 1948).

In this case, as the Affidavit of Philomena M. Dane makes clear, a significant portion of the Judgment remains unpaid. A judgment debtor's examination before the Court is necessary in this case. As important, Defendant Bray has previously succeeded in placing her assets beyond the reach of Plaintiffs. A consolidated procedure that allows for the prompt application of any discovered assets to the Judgment, and for additional ancillary orders respecting such Defendant's assets as may be required, is therefore appropriate.

Accordingly, for all the reasons outlined above, Plaintiffs respectfully request that their Motion for an Order for Judgment Debtor Examination be granted. A proposed order, drafted in accordance with the requirement of Ohio Revised Code §2333.25[2] is attached.

Respectfully submitted,

/s/ PLM

Philomena M. Dane (0044064)
Jessica D. Goldman (0077049)
Squire, Sanders & Dempsey, L.L.P.
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (facsimile)

-and-

Deborah B. Baum, Bar # 05694
Karen-Faye McTavish
SHAW PITTMAN
2300 N Street, N.W.
Washington, D.C. 20037-1128
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

Counsel for Plaintiffs

---

[2] Section 2333.25 provides:

> The order requiring a judgment debtor to appear and submit to the examination provided for by sections 2333.09 to 2333.27 of the Revised Code, shall be in writing, signed by the judge who makes it, and served as a summons. The judge shall reduce all his orders to writing, which, together with a minute of his proceedings that he has signed, shall be filed with the clerk of court of common pleas of the county in which the judgment is rendered, or in which the transcript of the judge of the county court is filed, which clerk shall enter on his execution docket the time of filing it.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via U.S. Mail, postage prepaid, on parties not registered to receive service via CM/ECF on this 28th day of March, 2005.

| | |
|---|---|
| Clifford Gannett<br>12209 Foxhill Lane<br>Bowie, Maryland, 20715 | Society for Truth and Justice Operation<br>Randall Terry, President<br>3501-B North Ponce de Leon Blvd. #394, St. Augustine, FL 32084 |
| Rev. Patrick Mahoney, Director<br>4019 Duke of Gloucester Street<br>Fredericksburg, VA 22407 | Joseph Lapsley Foreman<br>P.O. Box 488<br>Montreat, N.C. 28757 |
| Michael McMonagle<br>4329 Freeland Avenue<br>Philadelphia, Pa 19128 | Operation Rescue/Operation Save America<br>Flip Benham, President<br>Concord, North Carolina |
| Jayne Bray<br>308 High Street<br>Wilmington, OH 45177 | |

_____
Attorney for Plaintiffs

5